UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKEE COOK,

    Plaintiff,

v.                                                            Case No: 8:17-cv-2391-T-23AAS

POLK COUNTY SCHOOL DISTRICT,

    Defendant.
_____/

**ORDER**

    Attorney Donna V. Smith and the law firm of J Wenzel, Fenton Cabassa, P.A., seek to withdraw as counsel in this action following the death of the plaintiff, Vickee Cook. (Doc. 13). In addition, Sandra Cook, personal representative and mother of the deceased, requests to be substituted as the plaintiff in this action. (Doc. 14). The undersigned addressed both motions at a telephonic hearing today.

    As to Ms. Smith's motion to withdraw, the appropriate notice was given pursuant to Local Rule 2.03(b), M.D. Fla., and neither the defendant nor Ms. Sandra Cook object to the withdrawal. Therefore, Ms. Smith's motion is granted.

    Pursuant to Federal Rule of Civil Procedure 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Ms. Sandra Cook, proceeding pro se, states that she is the personal representative of Ms. Vickee Cook's estate. (Doc. 14, ¶ 3). In the Eleventh Circuit, however, a personal representative of an estate may not proceed pro se and instead must be represented by counsel. *See Franklin v. Garden State Life Ins.*, 462 Fed. Appx. 928, 930 (11th Cir. 2012) (noting that 28 U.S.C. § 1654 authorizes

1

parties in federal cases to "plead and conduct their own cases personally or by counsel" and that this does not apply to persons representing the interests of others); *see also Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) (en banc) (evenly split panel affirming by operation of law the district court's order disqualifying co-personal representatives from proceeding pro se in a wrongful death action brought on behalf of an estate).

Federal Rule of Civil Procedure 25 states that a motion for substitution must be made within ninety days after service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). However, courts have the discretion to extend the ninety-day deadline for substitution for good cause. Federal Rule of Civil Procedure 6(b); *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017). Here, good cause exists to extend the ninety day period for Ms. Sandra Cook to obtain counsel to file a motion for substitution on her behalf.

Upon consideration, it is **ORDERED** that:

(1)    Plaintiff's Motion to Withdraw as Attorney of Record for Plaintiff Vickee Cook (Doc. 13) is **GRANTED**.

(2)    Ms. Sandra Cook's Motion for Substitution (Doc. 14) is **DENIED without prejudice**. Ms. Sandra Cook, as the personal representative for the plaintiff's estate, has until **May 21, 2018** for counsel to appear in this case and refile a motion for substitution on behalf of the plaintiff's estate.

**ORDERED** in Tampa, Florida on this 22nd day of March, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

Copy to:

Sandra Cook
5817 Beckworth Avenue
Mulberry, FL 33860